IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IBRIHIM ADI,

    Plaintiff

v.                                          C.A. No.:   1:18-cv-365

MOONLIGHT HOOKAH CAFE, LLC,
ANWAR A. THABATAH, and,
ABDULLAH DARI,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IBRIHIM ADI, by and through his undersigned counsel, hereby sues Defendants, MOONLIGHT HOOKAH CAFE, LLC, ANWAR A. THABATAH, and ABDULLAH DARI, and in support thereof states as follows:

## BACKGROUND FACTS

1. Plaintiff, IBRIHIM ADI, is an individual residing in Travis County, Texas.

2. From June 10, 2017, until March 26, 2018, Plaintiff, IBRIHIM ADI, worked for Defendant, MOONLIGHT HOOKAH CAFE, LLC, as a manager.

3. Plaintiff's duties included the regular and recurring use of the channels of interstate commerce, e.g., processing credit/debit cards, interstate telephone calls, as well as handling goods and products that have moved in interstate commerce.

4. Defendant, MOONLIGHT HOOKAH CAFE, LLC, operates a restaurant and lounge in Austin, Texas.

5. At all times material to this complaint, Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, operated a business in Travis County, Texas, and Plaintiff's claims herein arose in Travis County, Texas.

6. Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, are an individuals who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, MOONLIGHT HOOKAH CAFE, LLC, in relationship to Plaintiff.

7. Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, are owners of Defendant, MOONLIGHT HOOKAH CAFE, LLC.

8. Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work. Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, would visit the business and were active in the operation of the business.

9. At all times material to this complaint, Defendant, MOONLIGHT HOOKAH CAFE, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, MOONLIGHT HOOKAH CAFE, LLC, was an enterprise engaged in interstate commerce,

operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     At all times material hereto, Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees.  Thus, Defendants, ANWAR A. THABATAH, and ABDULLAH DARI, were each an "employer" as defined by 29 U.S.C. § 203(d).

## COUNT I
## OVERTIME WAGES UNDER FLSA

12.     Plaintiff, IBRIHIM ADI, re-alleges and incorporates herein paragraphs 1-11, *supra*.

13.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours.   Plaintiff regularly worked approximately 100 hour per workweek while employed by the Defendant, but was never paid.

14.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

15. Defendants had knowledge of and approved such work being performed.

16. Plaintiff did not hold a position that would be considered exempt from the overtime requirements of the FLSA.

17. As a result of Defendants' unlawful conduct, Plaintiff has been damaged.

18. Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

19. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

20. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

21. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

22. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action.  Plaintiff has entered into a valid contract with Ross Law, P.C., and

has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, against Defendants, MOONLIGHT HOOKAH CAFE, LLC, ANWAR A. THABATAH, and ABDULLAH DARI, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## MINIMUM WAGE UNDER FLSA

23. Plaintiff, IBRIHIM ADI, re-alleges and incorporates herein paragraphs 1-11, *supra*.

24. This is an action for minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

25. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337, and by 29 U.S.C. § 216(b).

26. Venue is proper in this district under 28 U.S.C. § 1391.

27. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

28. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities. Thus, throughout his employment, Plaintiff was individually covered under the FLSA.

29. Plaintiff worked for Defendants from June 10, 2017, until March 26, 2018, but was not paid the then-current minimum wage of $7.25 per hour for all hours worked during the workweek.

30. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

31. Defendants have willfully failed to pay Plaintiff minimum wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

32. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

33. As a result of Defendant's unlawful conduct, Plaintiff, IBRIHIM ADI, is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

34. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, IBRIHIM ADI, demand Judgment, jointly and severally, against Defendants, MOONLIGHT HOOKAH CAFE, LLC, ANWAR A. THABATAH, and ABDULLAH DARI, for the following:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C.§ 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## TEXAS MINIMUM WAGE ACT

35. Plaintiff, IBRIHIM ADI, re-alleges and incorporates herein paragraphs 1-11, *supra*.

36. This is an action for violation of the Texas Minimum Wage Act, TEX. LABOR CODE § 62 ("TMWA"), to recover unpaid minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

37. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).Defendants are subject to the TMWA because, during all times relevant to this Complaint, they both qualified under TEX. LABOR CODE § 62.002(6) as employers because they were persons acting directly or indirectly in the interest of an employer in relation to an employee.

38. Plaintiff worked for Defendants from June 10, 2017, until March 26, 2018, but was not paid the then-current minimum wage of $7.25 per hour for all hours worked during the workweek.

39. The TMWA requires an employer to pay each employee the federal minimum wage of $7.25 per hour worked under the Fair Labor Standards Act of

138, 29 U.S.C. § 206.

40. Defendants acted willfully and in conscious disregard of the law and of Plaintiff's rights under the TMWA.

41. As a result of the unlawful conduct of Defendants, Plaintiff is entitled to recover from Defendants actual and compensatory damages, including all unpaid minimum wages owed to Plaintiff.

42. Under the provisions of the TMWA, Tex. Labor Code § 62.201, Defendants are liable to Plaintiff not only for unpaid minimum wages but also for an additional equal amount as liquidated damages.

43. Under the provisions of the TMWA, Tex. Labor Code § 62.205, Plaintiff is entitled to compensation from Defendants of the out-of-pocket expenses and costs of court he has incurred and will incur in this action and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, IBRIHIM ADI, demand Judgment, jointly and severally, against Defendants, MOONLIGHT HOOKAH CAFE, LLC, ANWAR A. THABATAH, and ABDULLAH DARI, for the following:

    a. Unpaid minimum wages found to be due and owing;

    b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

    c. Prejudgment interest in the event liquidated damages are not awarded;

d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to TEX. LABOR CODE § 62.205 and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.    For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, IBRIHIM ADI, demands a jury trial on all issues so triable.

Respectfully submitted May 1, 2018.

>                                        ROSS LAW GROUP
>
>                                        _____
>                                        **CHARLES L. SCALISE**
>                                        Texas Bar No. 24064621
>                                        Attorney-in-Charge
>                                        1104 San Antonio Street
>                                        Austin, Texas 78701
>                                        (512) 474-7677 Telephone
>                                        (512) 474-5306 Facsimile
>                                        Charles@rosslawgroup.com
>                                        Attorneys for Plaintiff

## **VERIFICATION**

    I, IBRIHIM ADI, Plaintiff in this action, have read the above and foregoing Verified Complaint and Demand for Jury Trial and the factual statements contained herein are within my personal knowledge, and under penalty of perjury that the foregoing is true and correct.

_____
IBRIHIM ADI, Plaintiff

EXECUTED on this the May day of __01_____, 2018.